**FOUREMAN, Estate of, In Re.**

Ohio Appeals, Second District, Darke County.

No. 632.   Decided February 10, 1945.

Walter F. Rhynard, Greenville, for appellants.
T. A. Billingsley, Greenville, for appellee.

GUERNSEY, J., of the Third Appellate District sitting by designation in place of Barnes, P. J.

## OPINION

BY THE COURT:

This matter had its inception in a proceeding in the Probate Court of Darke County, wherein, on April 18, 1944, the appellant, Howard L. Foureman, filed an application for administration and for citation to take or renounce administration of the estate of Lazarus Foureman, who died on the 25th day of March, 1925.

The Application recites the name of the decedent's widow and his children alleged to be next of kin.

We note the fact that this application was filed about nineteen years after the death of the decedent.

The evidence in the Probate Court, as disclosed by the bill of exceptions, largely related to certain tools evidently connected with the trade of a blacksmith and certain other tools and machinery connected with the operation of a farm. The evidence disclosed an estimate of the value of said property to be in the neighborhood of approximately $500.00.

During the course of the trial it appeared that at the time of the filing of the application and citation there was pending in the Court of Common Pleas a suit which the Probate Court held involved the same property for which administration was sought, and during the discussion of the matter by the Court as the same appears in the bill of exceptions, inquiry was made by the Court whether until the Common Pleas Court passes upon the title to the property there was any need for an executor to be appointed. The Court stated,

"In other words if an executor is appointed here it still will be a question for the Common Pleas Court to determine the title of this very property, and until the Court passes upon it we will be unable to determine if there is any property. If it finds that there is still property belonging to the estate, then would be the time to appoint someone to administer it, but until it is decided I think it would be premature here after all these years."

638

The Court stated that the proceedings can be continued until the Common Pleas Court passes on the question. If it says that the property belonged to this estate and it is necessary to appoint an executor to administer, that would be the time to do that.

The Court made inquiry of counsel for applicant as to whether the further hearing before the Probate Court should be continued until the Common Pleas Court decided the question then pending before it. Counsel for applicant not agreeing to such a continuance the Court upon motion dismissed the application.

In an entry dated April 28, 1944, rendered final judgment and dismissed the application, to which order of the Court the applicant gave notice of his appeal to the Court of Appeals.

The appellants filed an assignment of errors to the effect that the Probate Court committed prejudicial error against the applicants in the proceeding before that Court, in that (1) it erred in overruling applicant's motion for new trial (2) in refusing to appoint an executor (3) and (4) in refusing to admit and in admitting evidence (5) for other errors.

We have studied the briefs submitted by respective counsel and find that there is no merit in the assignment of errors and the judgment of the Court below is affirmed.

HORNBECK and GEIGER, JJ., and GUERNSEY, J., concur.